# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

**ROLTA INTERNATIONAL INC., et al.,**   ]
                                         ]
    **Appellants,**                       ]
                                         ]
**v.**                                    ]    **5:21-cv-00335-ACA**
                                         ]
**PINPOINT MULTI-STRATEGY**              ]
**MASTER FUND, f/k/a Pinpoint**          ]
**Multi-Strategy Fund, et al.,**         ]
                                         ]
    **Defendants.**                       ]

## **MEMORANDUM OPINION**

Rolta India, Ltd. ("Rolta India") is the parent company of at least six Rolta entities, including Rolta International, Inc. ("Rolta International"); Rolta Middle East FX-LLC ("Rolta ME"); Rolta UK Limited ("Rolta UK"); Rolta, LLC; Rolta Americas LLC; and Rolta Global B.V. All six of the Rolta subsidiaries filed for chapter 11 bankruptcy in the Northern District of Alabama. The bankruptcy court jointly administered the cases of three of these entities: Rolta ME, Rolta UK, and Rolta International (the "Rolta Debtors"). Before the court is the Rolta Debtors' second amended motion for leave to file an interlocutory appeal, in which they seek to appeal the bankruptcy court's denial of their motion for a temporary restraining order. (Doc. 5). Because they sought an expedited review of their motion for leave to appeal, the court entered an order denying the motion with the promise of a

memorandum opinion to follow. (Doc. 13). The court now enters that memorandum opinion, explaining its denial.

Because the bankruptcy court's order is interlocutory, the Rolta Debtors must seek the court's permission to appeal. And because the Rolta Debtors have not identified any unsettled questions of law, any likelihood of quickening the resolution of the bankruptcy case by permitting an interlocutory appeal, or any irreparable harm caused by the lack of an interlocutory appeal, the court declines to exercise its jurisdiction to hear the interlocutory appeal.

### I. BACKGROUND

Non-parties Rolta, LLC and Rolta Americas LLC issued bonds to a number of entities, including Appellees Pinpoint Multi-Strategy Master Fund, Value Partners Fixed Income SPC-Value Partners Credit Opportunities Funds SP, and Value Partners Greater China High Yield Income Fund (collectively, the "Judgment Creditors"). *In re Rolta Int'l, Inc.*, no. 20-82282-CRJ11, Doc. 126, at 85, 292 (Bankr. N.D. Ala. Dec. 7, 2020). The parent company of all the Rolta entities, Rolta India, served as the parent guarantor, and several Rolta entities, including the Rolta Debtors, served as subsidiary guarantors for the indenture agreements. *Id.*, Doc. 126, at 85, 210, 292, 419.

In September 2020, a New York court found that the issuers of the bonds, the parent guarantor, and the subsidiary guarantors had breached the indenture

2

agreements and entered a partial judgment in favor of the Judgment Creditors, totaling over $180 million, plus interest. *In re Rolta Int'l, Inc.*, no. 20-82282-CRJ11, Doc. 126 at 510–17.  On October 20, 2020, the New York court entered a "turnover order." *In re Rolta Int'l, Inc.*, no. 20-82282-CRJ11, Doc. 126 at 643.  Among other provisions, the turnover order required various Rolta entities, including the Rolta Debtors, to satisfy the September 2020 partial judgment by turning over to the Judgment Creditors all cash on hand as well as shares or membership interests in the Debtors. *Id.*  The court informed the defendants that they must turn over the cash within seven days, *id.* at 677, and that they need to have a plan to turn over the shares or membership interests within thirty days, *id.* at 679.

Nine days later, the Rolta Debtors filed for chapter 11 bankruptcy in the Northern District of Alabama. *In re Rolta Int'l, Inc.*, no. 20-82282-CRJ11, Doc. 1.  As a result, the automatic stay took effect with respect to the Rolta Debtors. *See* 11 U.S.C. § 362.  However, their parent company, Rolta India, did not file for bankruptcy.  It also has not complied with the New York court's turnover order. *In re Rolta Int'l, Inc.*, no. 20-82282-CRJ11, Doc. 126 at 34 ¶ 12.  Instead, in November 2020, Rolta India filed an action in the High Court of Bombay, India, seeking an injunction and declaration that the partial judgment and turnover order cannot be executed against the defendants located in India. *In re Rolta Int'l, Inc.*, no. 20-82282-CRJ11, Doc. 126 at 684.

3

In December 2020, the Judgment Creditors moved the bankruptcy court to dismiss the Rolta Debtor's bankruptcy cases for cause under 11 U.S.C. § 1112(b) because, among other reasons, the Rolta Debtors could not realistically reorganize under chapter 11.  *In re Rolta Int'l, Inc.*, no. 20-82282-CRJ11, Doc. 126 at 18–19, 23–27.  In December 2020 and January 2021, the bankruptcy court held hearings on the motion to dismiss.  *See id.*, Docs. 164, 185, 217.

On January 8, 2021, the Judgment Creditors moved the New York court to appoint one of the Judgment Creditors as receiver over all of Rolta India's shares or membership interests in various Rolta entities.  *In re Rolta Int'l, Inc.*, no. 20-82282-CRJ11, Doc. 234-4.  Four days later, the New York court ordered Rolta India to show cause why it should not grant the receivership motion and scheduled a hearing for February 17, 2021.  *Id.*, Doc. 234 at 4.  Without citation, the Rolta Debtors represent that the state court has since denied the request to appoint one of the Judgment Creditors as receiver and has instead instructed the Judgment Creditors to submit a list of three proposed receivers from a panel list maintained by the New York court.  (*See* Doc. 5 at 17).

On January 22, 2021, the bankruptcy court granted the Judgment Creditors' motion to dismiss the chapter 11 cases on the ground that the Rolta Debtors had not shown they had a realistic chance of successfully reorganizing.  *In re Rolta Int'l, Inc.*, no. 20-82282-CRJ11, Doc. 224 at 1–2.  On February 9, 2021, the Rolta Debtors

4

moved for reconsideration of the dismissal. *Id.*, Doc. 228. Several days later, the Rolta Debtors moved to stay the effectiveness of the dismissal order pending a ruling on the motion to reconsider. *In re Rolta Int'l, Inc.*, no. 20-82282-CRJ11, Doc. 234. They also filed an adversary proceeding against the Judgment Creditors, seeking (1) an extension of the automatic stay or an injunction preventing the Judgment Creditors from taking any action with respect to the Rolta Debtors' shares, equity, membership interests, property, or employees, *In re Rolta Int'l, Inc.,* no. 21-80016-CRJ, doc. 3 at 2 ¶ 2, 5 ¶ 17, 9–11 ¶¶ 43–57, and (2) a temporary restraining order preventing the Judgment Creditors from taking those same actions, *id.*, doc. 2.

The bankruptcy court held an expedited hearing on the Rolta Debtors' motions to stay and for a temporary restraining order on February 17, 2021—the same day as the New York court's hearing on the Judgment Creditor's receivership motion. *In re Rolta Int'l, Inc.*, no. 20-82282-CRJ11, Doc. 242. At the expedited hearing, the bankruptcy court denied the motions for a stay and for a temporary restraining order. (Docs. 5-1, 5-2). The bankruptcy court denied the motion to stay in part because no party had alleged that the bankruptcy code had been transgressed—a necessary precondition to the court's ability to stay the case—and because it was unclear whether staying the effectiveness of the dismissal order would prevent the New York from appointing a receiver. (Doc. 5-6 at 28–29).

5

On March 3, 2021, the Rolta Debtors filed their notice of appeal, *In re Rolta Int'l, Inc.*, no. 20-82282-CRJ11, Doc. 268, and moved for leave to file an interlocutory appeal (doc. 1-2), a motion they have since amended (doc. 5).[1]  Both the main bankruptcy case and the adversary case remain pending.  *See In re Rolta Int'l, Inc.*, no. 20-82282-CRJ11; *In re Rolta Int'l, Inc.*, no. 21-80016-CRJ.

Since the Rolta Debtors filed their notice of appeal and motion for leave to appeal, the Judgment Creditors purchased the defaulted debt owed by another Rolta company, Rolta AdvizeX Technologies LLC ("AdvizeX"), which was secured by one of the Rolta Debtors' equity interest in AdvizeX.  (Doc. 12-1 at 2–3).  The Judgment Creditors have scheduled a sale of the equity interest in AdvizeX for April 1, 2021, with the intent of paying off the defaulted debt and then distributing the excess proceeds to themselves pursuant to the turnover order.  (*Id.* at 3; Doc. 12-2 at 2–6).

## II.   DISCUSSION

The district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" and, "with leave of the court, from other interlocutory orders and decrees" of the bankruptcy court.  28 U.S.C. § 158(a)(1), (a)(3).  Accordingly, if the denial of the motion to stay is a final order, the Rolta Debtors may appeal as

---

[1] The Rolta Debtors also seek interlocutory review by this court of the bankruptcy court's denial of a temporary restraining order.  *See Rolta Int'l, Inc. v. Pinpoint Multi-Strategy Master Fund*, no. 21-00340-ACA, Doc. 5.

6

of right, but if the denial is interlocutory, the Rolta Debtors must obtain the court's permission to appeal.

The Rolta Debtors contend that the denial of a motion to stay should be considered final under three narrow exceptions to the rule that parties may appeal only final orders: the *Forgay-Conrad*[2] doctrine of practical finality, the collateral order doctrine, and the marginal finality doctrine. (Doc. 5 at 18–26). They ask that, to the extent the order is not final, the court grant leave to appeal immediately on the same grounds. (*Id.* at 18).

1. Final Order

"A final judgment or order is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Celotex Corp.*, 700 F.3d 1262, 1265 (11th Cir. 2012) (quotation marks omitted). "Finality is given a more flexible interpretation in the bankruptcy context, however, because bankruptcy is an aggregation of controversies and suits. Instead, it is generally the particular adversary proceeding or controversy that must have been finally resolved rather than the entire bankruptcy litigation." *In re Donovan*, 532 F.3d 1134, 1136 (11th Cir. 2008) (citation, quotation marks, and alteration omitted). Thus, a bankruptcy court order is considered final if it "completely resolve[s] all of the issues

---

[2] *Forgay v. Conrad*, 47 U.S. (6 How.) 201 (1848).

7

pertaining to a discrete claim." *In re Celotex Corp.*, 700 F.3d at 1265 (quotation marks omitted).

The bankruptcy court's denial of the Rolta Debtors' motion to stay the effectiveness of the dismissal is not a final order. The Rolta Debtors have a pending motion for reconsideration before the bankruptcy court. *In re Rolta Int'l, Inc.*, no. 20-82282-CRJ11, Doc. 228. Accordingly, the order denying the Rolta Debtors' motion to stay does not resolve the issues of their claim. Even under bankruptcy's more flexible interpretation of finality, the pending motion for reconsideration illustrates that the bankruptcy proceeding remains unresolved.

Nor does the denial of the motion to stay fit within the narrow exceptions to the final order requirement. First, the Rolta Debtors argue that the order is final under the doctrine of practical finality, also known as the *Forgay-Conrad* rule. (Doc. 5 at 21–25). "[T]he doctrine of practical finality, or the *Forgay-Conrad* rule, . . . permits a court to review an interlocutory order that decides the right to the property in contest, and directs it to be delivered up by the defendant to the complainant, or directs it to be sold, or directs the defendant to pay a certain sum of money to the complainant, and the complainant is entitled to have such decree carried immediately into execution." *In re F.D.R. Hickory House, Inc.*, 60 F.3d 724, 726 (11th Cir. 1995). Application of the doctrine requires the party seeking to appeal to show that delay in the appeal will cause irreparable harm. *See id.*; *In re Regency Woods Apartments,*

8

*Ltd.*, 686 F.2d 899, 902 (11th Cir. 1982) ("Under the *Forgay-Conrad* rule an order is treated as final if it directs the immediate delivery of physical property and subjects the losing party to irreparable injury if appellate review must await the final outcome of the litigation.").

The Rolta Debtors acknowledge that the denial of a motion to stay is not an order deciding the right to property. (Doc. 5 at 19–20 n.12). They argue, however, that "the spirit of the *Forgay-Conrad* rule" (*id.* at 25) is "rooted in the notion that an appellate court need not wait to review an order that results in the involuntary disposition of property that subjects the appellant to irreparable harm" (*id.* at 24). Although they are correct about the rationale behind the rule, *see Forgay*, 47 U.S. at 204–05, they stretch the rule too far by attempting to apply it to any situation in which an order may "result" in the disposition of property.

The *Forgay-Conrad* rule applies where a court enters an order *directing* the disposition of property and execution of the order is immediate. *See id.*; *see also In re F.D.R. Hickory House, Inc.*, 60 F.3d at 726. The bankruptcy court's order does not direct the Rolta Debtors to take any particular action with respect to their property. The New York court's turnover order does direct the immediate execution of the New York partial judgment, but the New York court's orders and judgments are not before this court. The order before this court is the bankruptcy court's order

9

denying the Rolta Debtors' motion to stay, which amounts to a refusal to interfere in the New York court proceedings.

Even if the court agreed with the Rolta Debtors' attempt to stretch the *Forgay-Conrad* rule to cover any order that "results" in the disposition of property, the Rolta Debtors have not shown that a delay in the appeal will cause them irreparable harm. *See In re Regency Woods Apartments, Ltd.*, 686 F.2d at 902. They contend that, absent an immediate appeal and reversal of the bankruptcy court's denial of their motion to stay, the Judgment Creditors will obtain from the New York court the appointment of a receiver, who will allow them to take control of the Rolta Debtors and "short circuit" the bankruptcy case and appeal. (Doc. 5 at 13, 21).

The Rolta Debtors have not shown irreparable harm. First, the Rolta Debtors themselves caused the delay in the bankruptcy court's resolution of their motion to reconsider. The bankruptcy court had set a March 24 hearing on that motion, but it has continued the hearing in light of the Debtors' attempt to appeal. *See In re Rolta*, no. 20-82282-CRJ11, Doc. 285. But setting that aside and assuming harm in the form of the appointment of a receiver who will perform at the Judgment Creditors' direction, the harm is reparable. The New York court provides legal remedies by which the Rolta Debtors can stay the order while challenging the appointment. *See* N.Y. C.P.L.R. R. 2221(a) (permitting motions "for leave to appeal from, or to stay, vacate or modify" orders); *id.* R. 5513 (setting out the requirements for appeals as

of right and motions for leave to appeal); *id.* R. 5519(a), (c) (permitting motions for stay of enforcement of judgments or orders "pending the appeal or determination on the motion for permission to appeal").  In short, the bankruptcy court's order denying the motion to stay does not qualify as a final order under the *Forgay-Conrad* rule.

Next, the Rolta Debtors argue that the order is final under the collateral order doctrine.  (Doc. 5 at 25–26).  "[T]he collateral order doctrine permits [an appellate court] to review interlocutory orders that (1) finally determine a claim separate and independent from the other claims in the action; (2) cannot be reviewed after the final judgment because by then effective review will be precluded and rights conferred will be lost; and (3) are too important to be denied review because they present a significant and unresolved question of law."  *In re F.D.R. Hickory House, Inc.*, 60 F.3d at 726 (quotation marks omitted).

The bankruptcy court's denial of the motion to stay does not qualify as final under the collateral order doctrine.  First, the motion to stay is deeply intertwined with the issues underlying the bankruptcy court's dismissal of the chapter 11 case as well as the Rolta Debtors' pending motion for reconsideration of that dismissal.  But even if the motion to stay were separate and independent, the Rolta Debtors have not even attempted to explain what "significant and unresolved question of law" this appeal presents.  *See In re F.D.R. Hickory House, Inc.*, 60 F.3d at 726.

11

Finally, the Rolta Debtors argue that the denial of the motion to stay qualifies as a final order under the doctrine of marginal finality. (Doc. 5 at 21–24). That doctrine is the "most extreme exception to the final judgment rule," under which an appellate court "will review immediately even an order of marginal finality if the question presented is fundamental to further conduct of the case." *In re F.D.R. Hickory House, Inc.*, 60 F.3d at 727 (citation, alteration, and quotation marks omitted).

The Supreme Court introduced the marginal finality doctrine in *Gillespie v. U.S. Steel Corporation*, 379 U.S. 148, 152–53 (1964), when it held that a district court's order striking parts of a complaint was immediately appealable where the danger of denying justice by delay outweighed the costs and inconvenience of piecemeal review. The Supreme Court has since explained that *Gillespie* permitted immediate review because the "marginally final order . . . disposed of an unsettled issue of national significance," "review of that issue unquestionably implemented the same policy Congress sought to promote in [28 U.S.C.] § 1292(b)," and "the arguable finality issue had not been presented to [the] Court until argument on the merits, thereby ensuring that none of the policies of judicial economy served by the finality requirement would be achieved were the case sent back with the important issue undecided." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 477 n.30 (1978) (quotation marks omitted), *superseded by statute on other grounds*, Fed. R. Civ. P.

12

23(f). As the Eleventh Circuit has explained, the marginal finality doctrine has been limited "to the unique facts of *Gillespie*." *United States v. Shalhoub*, 855 F.3d 1255, 1262 (11th Cir. 2017) (quotation marks and alteration omitted).

The court notes at the outset that the Rolta Debtors' assertion of both the collateral order doctrine and the doctrine of marginal finality is inconsistent. In *Shalhoub*, the Eleventh Circuit declined to exercise appellate jurisdiction based on that inconsistency. *See* 855 F.3d at 1262 ("[I]t is inconsistent for a litigant to assert that we have appellate jurisdiction under the collateral order doctrine, which requires the issue resolved to be completely *separate* from the merits, and the marginal finality doctrine, which addresses the review of intermediate issues *fundamental* to the further conduct of the case.") (quotation marks omitted) (emphases in original). But even if the Rolta Debtors had not presented this inconsistent argument to the court, they have not satisfied the other requirements of this "extreme" exception to the final order rule. *See In re F.D.R. Hickory House, Inc.*, 60 F.3d at 727.

The Rolta Debtors contend that this appeal could resolve a question fundamental to the further conduct of the case because without the motion to stay, the Judgment Creditors will be able to take the Rolta Debtors over, withdraw the motion for reconsideration, and abandon the bankruptcy cases. (Doc. 5 at 21). But as the Eleventh Circuit has explained, the doctrine of marginal finality is applicable only in circumstances like those presented in *Gillespie*. *Shalhoub*, 855 F.3d at 1262.

13

This case bears no resemblance to *Gillespie*. *See* 379 U.S. 152–53. Even if factual similarity were not required, the Rolta Debtors have identified any unsettled area of law, much less one of national significance, presented by this appeal, nor have they made any argument about why an interlocutory appeal would be appropriate under the § 1292(b) standard. *See Coopers & Lybrand*, 437 U.S. at 477 n.30. Finally, in this case, unlike the *Gillespie* case, the issue of finality was presented to this court at the earliest possible opportunity. *See id.*

The bankruptcy court's order denying the motion to stay is not final. Accordingly, the Rolta Debtors must instead seek the court's permission to appeal. *See* 28 U.S.C. § 158(a)(3). The court now turns to whether an interlocutory appeal is appropriate under these circumstances.

2. Interlocutory Order

Under 28 U.S.C. § 158(a)(3), district courts have discretion to hear appeals of "interlocutory orders and decrees" by the bankruptcy court. Section 158(a)(3) "does not provide the district courts any criteria for determining whether to exercise their discretionary authority to grant leave to appeal . . . ." *In re Charter Co.*, 778 F.2d 617, 620 n.5 (11th Cir. 1985). Thus, district courts deciding whether to permit an interlocutory appeal under § 158(a)(3) frequently look to the standard set out in 28 U.S.C. § 1292(b)(2) for a circuit court deciding whether to permit an interlocutory appeal. *See, e.g., Matter of Ichinose*, 946 F.2d 1169, 1176 (5th Cir. 1991); *see also*

14

*Laurent v. Herkert*, 196 F. App'x 771, 772 (11th Cir. 2006) (unpublished) (stating that courts look to § 1292(b) for guidance in determining whether to grant leave to appeal under § 158(a)). But the court can grant leave to appeal even if the requirements of § 1292(b) are not satisfied. *See Chrysler Fin. Corp. v. Powe*, 312 F.3d 1241, 1245 (11th Cir. 2002) ("[T]he § 1292(b) requirements need not be satisfied when an interlocutory appeal is taken from the bankruptcy court to the district court."). The court concludes that interlocutory appeal is not appropriate, either under § 1292(b) or in the interest of justice.

Section 1292(b) gives courts of appeals jurisdiction over appeals from interlocutory orders where a district court has certified that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The decision to permit an interlocutory appeal under § 1292(b) "is wholly discretionary" and the standard to obtain interlocutory review is high. *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008).

The Rolta Debtors make no argument about the applicability of § 1292(b) in either their second amended motion for leave to appeal or in their reply. (*See* Docs. 5, 10). And it is clear that the bankruptcy court's order does not satisfy the requirements of § 1292(b).

First, the order denying the motion to stay does not present a controlling question of law as to which there is a substantial ground for difference of opinion. Without a question of law for the court to resolve "quickly and cleanly without having to study the record," interlocutory appeal of the bankruptcy court's order is inappropriate. *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004). The bankruptcy court's denial of the motion to stay rests on a mixed question of law and fact about the Rolta Debtors' opportunity to reorganize, the bankruptcy court's ability to stay the dismissal order as requested, and the effectiveness of such a stay in preventing the New York court's appointment of a receiver. (Doc. 5-6 at 28–30). Moreover, even if the order presented a question of law for the court to decide, there is no indication that a substantial ground for difference of opinion about that question exists. *See* 28 U.S.C. § 1292(b).

Second, even assuming that the appeal presented a controlling and unsettled question of law, an interlocutory appeal from the bankruptcy court's order would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This element of § 1292(b) is straightforward: the "resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259. But here, an interlocutory appeal will serve only to extend the litigation. All that remains to be decided in the bankruptcy court is whether to grant or deny the Rolta Debtors' motion for reconsideration. By filing

16

this appeal, the Rolta Debtors have delayed the bankruptcy court's resolution of that motion and, in turn, the entry of a final order that they can appeal as of right. *See In re Rolta*, no. 20-82282-CRJ11, Doc. 285.

Even if the court disregards the § 1292(b) standard, interlocutory appeal is not appropriate. "[I]nterlocutory appeals are inherently disruptive, time-consuming, and expensive." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) (quotation marks omitted). The Rolta Debtors would need to present good cause to persuade the court to permit an interlocutory appeal. But the Rolta Debtors' arguments in favor of an interlocutory appeal are the same as their arguments about why the order should be considered final. (*See* Doc. 5 at 18, 21–26). All of those arguments failed because the Rolta Debtors had not shown the existence of unsettled questions of law, any likelihood of quickening the resolution of the bankruptcy case by permitting an immediate appeal, or irreparable harm caused by the lack of an immediate appeal. Those reasons also establish that an interlocutory appeal is not appropriate.

The least disruptive, least time-consuming, and least expensive option is to permit the bankruptcy court to resolve the motion for reconsideration without interference from this court.

**DONE** and **ORDERED** this March 31, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE