UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-82282-CRJ11 |
| | ) | |
| ROLTA INTERNATIONAL, INC,[1] | ) | CHAPTER 11 |
| EIN: xx-xxx1132 | ) | |
| | ) | (Jointly Administered) |
| Debtor. | ) | |
| | ) | |

**STATEMENT OF ROLTA ADVIZEX TECHNOLOGIES, LLC IN CONNECTION
WITH THE MOTION OF ROLTA INTERNATIONAL, INC. AND ITS AFFILIATES
FOR RECONSIDERATION OF ORDER
DISMISSING THEIR CHAPTER 11 CASES**

Rolta AdvizeX Technologies, LLC ("Advizex") submits this Statement of Advizex (this "Statement") in connection with the *Motion of Rolta International, Inc., Rolta UK Limited, and Rolta Middle East FZ, LLC for Reconsideration of Order Dismissing Chapter 11 Proceedings* (the "Motion to Reconsider") [Doc. No. 228] and the other documents filed in connection therewith, including the *Surreply of Rolta International, Inc., Rolta UK Limited, and Rolta Middle East FZ, LLC in Support of Motion for Reconsideration of Order Dismissing Chapter 11 Proceedings* (the "Surreply") [Doc. No. 288]. As its Statement, Advizex respectfully represents as follows:

**INTRODUCTION**

1. Advizex knows that the Court is fully aware of the procedural and substantive history of these cases and the role and situation of Advizex, and so Advizex will not repeat any of that here. Advizex is not a party to the dispute between the Rolta Debtors and the Judgment Creditors (each as defined in the Motion to Reconsider), and it will not wade into argument on the

---

[1] The Chapter 11 cases of debtors Rolta International, Inc. [Case No. 20-82282-CRJ11], Rolta Middle East FZ-LLC [Case No. 20-82285-CRJ11], and Rolta UK Limited [Case No. 20- 2287-CRJ11] (collectively, the "Rolta Debtors"), although now dismissed, were jointly administered. *See* Final Order Directing Joint Administration of Rolta International, Inc., Rolta Middle East FZ-LLC, and Rolta UK Limited Chapter 11 Cases, In re Rolta International, Inc., Case No. 20-82282-CRJ-11 [Doc. No. 93].

merits of that dispute. But in the Motion to Reconsider and in the Surreply, the Rolta Debtors have misrepresented facts about Advizex and its management team, and so for the second time in these cases Advizex feels compelled to file a statement clarifying the facts and providing the Court its views on specific matters concerning Advizex.

## STATEMENT

**Rolta's False Narrative About the Advizex Management Team**

2.　The Rolta Debtors have created a false narrative about Advizex. Their unsubstantiated view is that the Advizex management team is part of some conspiracy to harm the creditors of the Rolta Debtors (other than the Judgment Creditors) as part of a plan to acquire Advizex for themselves at a discount to normal valuation. This is completely nonsensical, and the facts as they have played out show it to be false.

3.　As part of their narrative, the Rolta Debtors attached to the Motion to Reconsider a May 2020 email from C.R. Howdyshell (the President of Advizex) to Preetha Pulusani, the now former President of Rolta International, Inc. ("Rolta International"), which is the direct parent of Advizex. *See* Motion to Reconsider, Exhibit 2. In that email (the "May 2020 Email"), Mr. Howdyshell presented to Ms. Pulusani an option under which there could have been a buyout of Advizex sponsored by a private equity company. The Rolta Debtors then use that email to imply in the Motion to Reconsider and flatly state in the Surreply that the Advizex management team is trying to buy Advizex cheaply for themselves and that their actions have been in pursuit of that goal. For example, the Rolta Debtors state in the Surreply:

> Movants believe that it is the Advizex's [sic] management team's desire to purchase AdvizeX after a shorter, less robust marketing process (and presumably depressed sales price as a result of a 10 day due diligence period) that is the true reason that they threatened to leave AdvizeX if the Movants' bankruptcy cases were not dismissed – as evidenced by the lack of departures despite the scheduled public sale that AdvizeX previously stated would be a "disaster."

2

*See* Surreply, p.10, ftnt 11.

4. The Rolta Debtors' storytelling is just that, and it is not accurate. First, the option of a buyout in mid-2020 was offered up by Mr. Howdyshell as a concept that would have benefited Rolta International, because it would have allowed Rolta International to obtain the proceeds of the sale before a lien based on the turnover order in favor of the Judgment Creditors was in place. It was one of many options considered at the time, and it was rejected by Ms. Pulusani and Rolta International in favor of continued pursuit of a transaction with Streamcast that never materialized. While the Rolta Debtors are attempting to use this email as evidence of ulterior motives by Advizex personnel, they neglect to note that had they pursued the deal they would be far better off now and could have avoided bankruptcy altogether (at least for Rolta International). The reality is that there was a possibility back in the spring of 2020 to pursue a private equity buyout.[2] It was rejected, and everyone moved on. It has nothing to do with the current situation.

5. Second, the Rolta Debtors' narrative does not make any sense. By their theory, the Advizex management team has tried to create a shorter, less robust marketing process so that they can buy the company at a depressed value. But for that scenario to play out, the Judgment Creditors would have to agree to accept a depressed value in exchange for the shares. It is nonsensical to posit that the Judgment Creditors, who have spent what must be millions of dollars litigating with the Rolta Debtors in numerous jurisdictions, would simply give up the results of those efforts for less than full value. The Judgment Creditors developed the marketing process, not Advizex or its management team. Furthermore, the auction sale has now occurred and, to the knowledge of

---

[2] Notably, although the May 2020 Email described the proposed transaction as a "management buyout," it would not have been that from a legal perspective. The buyer would have been the private equity company mentioned in the email, not the management team, and the Rolta Debtors know that and are being deliberately obtuse so the facts as they frame them fit their narrative. It was simply phrased as such because the management team was bringing the transaction to Ms. Pulusani for consideration and expected to be retained by the buyer after the transaction with perhaps some incentive structure to develop a minority equity position.

3

Advizex, no one on the Advizex management team either bid for the membership interests or participated with any other party in considering a bid.[3]

**Rolta's Inaccurate Narrative About Different Sale Processes and Employee Retention**

6. Together, the Motion to Reconsider and the Surreply imply and argue that statements Advizex has made about concerns of employee departures in a bankruptcy sale process are overblown (or made up in an effort to acquire the company at a discount), or alternatively that a sale process initiated by the Judgment Creditors would have just as negative an impact. This is also not true. First, it is not true that there were no key departures associated with the auction sale conducted by the Judgment Creditors. Advizex did lose one important employee who worked on its Microsoft accounts. Second, Advizex would have much preferred not to have had that auction sale process go forward at all, and it told that to the Judgment Creditors. However, Advizex did not get a say in that decision, and so it had to try to manage the situation as best it could.

7. Fortunately, the Judgment Creditors did not engage in a sale process that stretched out for three or four months as a bankruptcy auction process likely would have, and they communicated with Advizex so that the employees knew what was going on and the message could be properly managed. The process resulted in the Judgment Creditors becoming the owners of Advizex, a result that was reasonably likely from the beginning, given that the Judgment Creditors had over $180 million available to credit bid and they had informed Advizex that they intended to bid a significant amount. Advizex communicated this to its employees. In this situation, the Advizex employees understood that it was likely that the process would result in new ownership that was known and that was not a strategic buyer who would run Advizex for its own

---

[3] Advizex assumes that either the Rolta Debtors or the Judgment Creditors will provide the Court with the details of the auction sale that occurred on April 1, 2021, at which time the Judgment Creditors acquired the membership interests of Advizex through a $55 million credit bid.

4

purposes. Rather, the owner would be an economic actor, one who would allow Advizex to thrive so that it could later be monetized down the road.

8. This is a stark contrast to what the Rolta Debtors proposed, which had the following features:

- A bankruptcy sale process that would take a number of months;

- An absolutely unpredictable result;

- A process managed by Rolta International, who had previously made it clear that the only right result would be a transaction with Streamcast that benefitted the larger Rolta India entity; and

- A process led by an investment banker (Martin Wolf) who previously ran a process to sell Advizex in late 2018 and early 2019. That process: (1) was run in secret without the participation of Advizex personnel until potential buyers demanded access to them; (2) was run without informing potential buyers about the situation with Rolta's bondholders; (3) failed on the date of a potential closing when the buyer realized the risk related to Rolta's creditors; and (4) actually did result in the loss of key Advizex personnel including its Chief Operating Officer and Vice President of Sales.

With those features, the proposed process by Rolta International could easily have led to significant loss of value in Advizex. There simply is no faith among the team at Advizex that anyone at Rolta International or Martin Wolf's firm has any interest in mind other than the interests of Rolta India or its chairman Mr. Singh. There are those that believe (rightly or wrongly) that the entire proposed sale process in bankruptcy is merely a stall tactic so that Rolta India can continue to try to realize a transaction with Streamcast and then abandon any other sale process and perhaps the bankruptcy itself. A situation in which a long bankruptcy process led by that group was undertaken would not have been tolerated by many of the key staff members.[4]

---

[4] Advizex also takes issue with the Rolta Debtors' characterization of the Advizex management team having "threatened to leave…" as stated in the Surreply and quoted in paragraph 3 above. No one "threatened" to leave. Advizex has simply informed all of the parties and the Court about its views of what might happen in various scenarios. One of those scenarios is key employees leaving if there is a long bankruptcy sale process with uncertain results, a result Advizex would consider likely and unfortunate.

5

### Rolta's Fictional Narrative About Its Retaliatory Attempt to Fire Advizex's President

9. Advizex also wants to clarify the record with respect to another issue that was raised in connection with the efforts by the Rolta Debtors to stay the dismissal of their cases and obtain an injunction freezing the New York litigation (the "Stay Litigation"). That issue is the attempt by Rolta in late January 2021 to fire C.R. Howdyshell, the President of Advizex. In the Stay Litigation, the Judgment Creditors argued that Rolta International had unclean hands and the firing demonstrated that Rolta International did not care about the recovery for creditors, as it was destroying value through the firing. *See Judgment Creditors' Amended Preliminary Response to Rolta's Complaint for Emergency Injunction, Motion to Expedite the Emergency Injunction Complaint, Motion to Stay the Court's Dismissal Orders and Motion for* Reconsideration (the "Stay Motion Response") [Doc. No. 241]. The Rolta Debtors argued in response that Mr. Howdyshell's firing was solely because he had allegedly prohibited Advizex's CFO Matt Garito from speaking with Ms. Pulusani. *See Reply of Rolta International, Inc., Rolta UK Limited, and Rolta Middlw East FZ, LLC in Support of (I) Motion for Reconsideration of Order Dismissing Chapter 11 Proceedings (ECF No. 224); and (II) Motion to Stay Effectiveness of, or Otherwise Hold in Abeyance, Order Dismissing Chapter 11 Proceedings (ECF No. 224) Pending Resolution of the Motion for Reconsideration (ECF No. 228)* (the "Stay Motion Reply") [Doc. No. 251).

10. Advizex would like to use this opportunity to clarify what actually happened with regard to this situation. When the Court was considering the original motion to dismiss filed by the Judgment Creditors (the "Motion to Dismiss"), it scheduled a hearing on that motion for January 26, 2021. On January 25, 2021, Advizex filed its *Statement of Rolta Advizex Technologies, LLC in Connection with Judgment Creditors' Motion to Dismiss the Debtors' Chapter 11 Cases* (the "Advizex January 25 Statement") [Doc. No. 220]. In that filing, Advizex informed the Court

that it did not believe that the Rolta Debtors' strategy at that time (a parallel process to sell Advizex stock and/or reorganize with Streamcast) would be good for Advizex or its employees. Advizex noted in that document that it had some fear of reprisals from the Rolta organization because it was not exactly what Rolta wanted to hear. *See* Advizex January 25 Statement at p.2. On Tuesday January 26, 2021, this Court granted the Motion to Dismiss. On Friday January 29, 2021, Ms. Pulusani informed Mr. Howdyshell orally that he was terminated. The reason given on the video call, which was attended by employment counsel for Rolta International and undersigned counsel for Advizex, was that Rolta International believed that the parties did not have aligned goals. Ms. Pulusani stressed that the termination was without cause. Over that weekend, Advizex started to fracture at the seams as numerous key employees reacted negatively to the firing. By Sunday February 1, 2021, Rolta International had realized its mistake and issued a letter through employment counsel "deferring" the termination and reserving its rights. In that letter, it took the position that the firing had been because Mr. Howdyshell had directed Advizex's CFO Matt Garito not to communicate with Ms. Pulusani. The letter also implied that Rolta International could have used the alleged prohibition on communication to make the termination for cause but had chosen not to. A copy of the letter was attached to the Stay Motion Reply as Exhibit 1.

11. The attempted firing of Mr. Howdyshell was a retaliation for Advizex telling the truth in its statement filed with this Court rather than silently letting Rolta International take positions that would harm or destroy Advizex solely to benefit the larger Rolta organization. Everyone involved in these cases knows that it was retaliatory, and Rolta's carefully worded letter from counsel (and its implied threat of a later firing for cause if Mr. Howdyshell did not fall into lockstep with Rolta no matter what) is an after the fact attempt to justify a previous action. For what it is worth, on January 28, 2021, Mr. Howdyshell did not prohibit Mr. Garito from speaking

7

with Ms. Pulusani. Rather, when it became obvious from her conversations with others that she planned to fire Mr. Howdyshell, Mr. Howdyshell asked other employees to just refer Ms. Pulusani directly to him so that they could act like grown-ups and have the conversation face to face.

12. Advizex wishes it did not have to file this Statement, but it is the subject of much of the dispute between the Rolta Debtors and the Judgment Creditors, and facts about it have been misrepresented, so it believes that it owes full disclosure to the Court.

April 14, 2021                                            Respectfully submitted,

/s/ *Rita L. Hullett*
Rita L. Hullett
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC
420 20th Street North, Suite 1400
Birmingham, AL 35203
Telephone: (205) 250-8310
Email: rhullett@bakerdonelson.com

   -and-

/s/ *Sean D. Malloy*
Sean D. Malloy (OH 0073157)
MCDONALD HOPKINS LLC
600 Superior Ave. E., Suite 2100
Cleveland, OH 44114-2653
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
E-mail: smalloy@mcdonaldhopkins.com

COUNSEL TO ROLTA ADVIZEX
TECHNOLOGIES, LLC

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the above Statement was filed with the Court's CM/ECF system, which will send an electronic copy of the Statement to Debtors' counsel and all parties who have appeared and requested electronic notice, and that I have served the Statement *via* U.S. Mail, postage prepaid, on this the 14th day of April, 2021, upon the following:

Richard Blythe
U.S. Bankruptcy Administrator
Post Office Box 3045
Decatur, Alabama 35602

                                                  */s/ Rita L. Hullett*
                                                  Of Counsel